The next case is number 21-1704, United States v. David Dowd Wright. Attorney Tomposki, please introduce yourself on the record to begin. Good morning, your honors, Michael Tomposki for David Wright. May it please the court, the sentence in this case, which was three years above the high end guideline and 100 months above the low end guideline, was substantially unreasonable based on the facts that the court found at sentencing. The court's findings that the defendant was someone who was amenable to rehabilitation, that the nature and characteristics of the defendant were such that a guideline sentence was not appropriate and something below the guidelines was more appropriate. The court's comments that the guidelines were too high all suggested something less, substantially less than what Mr. Wright actually received, and what he received was substantially higher than even the high end guideline significantly, and therefore the sentence was substantively unreasonable. Counsel, there were also, according to Judge Woodlock's comments at least, aggravated factors in this case. He obviously thought that the announced conviction was extremely serious. He thought that your client had dissembled during the proceedings, and that that had not been properly taken into account. And he thought that there was evidence that your client had not abandoned the police but went in to commit the crimes of conviction. All of those were aggravated factors which one would think would go into the sentencing calculus. Is that correct? Well, certainly all those factors the court is welcome to take into account when it imposes a sentence. But when the court discussed those factors, it certainly referenced the seriousness of the offense, and no one disputed that. He referenced the fact that he did not believe the defendant's trial testimony, and that's fine, although there was no assessment of any guideline enhancement for that. I don't agree that he made a finding that there was continued allegiance to terrorist organizations. I think there were some other comments that suggested that he didn't find that. Yeah, you started off by saying that his upward alienance from the guidelines was unexplained, and therefore substantively unreasonable. And I'm simply pointing out that from the court's comments, I think that I can deduce at least some of the reasons why the court made a sentence to the defendant the way he did. Well, what I would suggest is that if you look at the court's comments in connection to discussion of the guidelines, you would see that a sentence below the guidelines was appropriate based on the facts. Certainly, the court touched on other factors that warranted a substantial sentence, and the court, of course, is required to address the seriousness of the offense and the need for deterrence in those factors. And the court touched on them, as he was required to do. But when discussing the facts in comparison to the guideline range that the court had worked out, the court indicated that a low-end or below-guideline sentence was appropriate. So, yes, the other factors, the seriousness and the need for deterrence were discussed, but those were discussed more in a vacuum as a concept that the court, of course, was required to think about, but not as they related to the appropriateness of the guideline range. And so I lay out in my brief all the comments that the court made which suggested that the below-guideline sentence was appropriate. How big was the variance? It was three years above the high-end and 100 months above the low-end. And is there any point in the district court's opinion explaining the sentence that acknowledges that that's the consequence of the length of the sentence he's imposing? No, and it was quite the opposite, actually. And it was, to say the least, unusual that at the moment the court was announcing the sentence, the court actually said, this sentence is below various of the guidelines that we have talked about, but I think it's fair and appropriate based on the circumstances. And so I have to admit we were somewhat confused by those statements. So I just wanted to try and figure out what the nature of the objection is or how to understand it. You presented it as if it's a substantive unreasonableness problem, and I had understood that to mean that we have an explained sentence, an explanation for the variance, and then the explanation doesn't hold up. But as I'm hearing you, it sounds more like what you're saying is we have a relatively large variance and no explanation for it. Is that really a substantive reasonableness objection or is that a procedural reasonableness objection? Well, I admit that these issues can sometimes be hard to separate because there is some overlap between the two concepts. And I would suggest that a procedural error arises when the court has valid reasons for the sentence based on its factual findings but simply doesn't say what they are, doesn't announce them, essentially. It's a requirement to announce them. That's the procedural error is failing to announce them. Were they announced here? There was a long discussion of what the sentence was. Was the reason for the variance announced? A reason was announced. For the variance? Well, the court said, I think this is the appropriate sentence. It's not clear. But that's not a reason for it. Usually, we've said the bigger the variance, the more the explanation that we require. So I'm just asking a simple question. Is it your contention that there was an explanation for the variance and you'd like to evaluate whether the reason given is substantively acceptable? Or is your contention that there was no reason for the variance given? I would ask the court to do both. Okay, if it's the second, I forget what our rules are about what your obligations are to raise that below. There's reason to think there's some obligation to raise it below because that's the kind of thing the district court can correct right on the spot. So the case law has said that if it's a procedural error that is not raised, that it is plain error review. So up here, we don't really have you making an argument about plain error. Well, I do in my reply. On procedural reasonableness? I make a plain error argument if the court finds that any of the claims are subject to plain error. I put it a bit more generally. But yes, to the extent that any of the claims are subject to plain error. I say that it is plain error to impose a sentence this high above the guidelines based on the facts that were found at the sentencing hearing. But this supposed lack of explanation really could be argued either way because one of the requirements for a substantively reasonable sentence is that it must be supported by a plausible rationale. And you have made that argument. I agree. I say it. I have. I have. And that's why I raise both because it isn't totally clear which sort of bucket this falls into because there is some overlap. We've had some cases involving similar situations where we've remanded because we simply couldn't tell enough about what the district court was saying to be able to do the evaluation of the reasons for the sentence. Well, I think that would be in the case of a procedural error. Those cases were procedural errors. I'm not entirely clear whether we just sort of threw up our hands and then couldn't figure it out. I think we've done that with substantive reasonableness cases, too. We certainly have the authority to remain jurisdiction and do that as the district court to scoff at this rationale more clearly. It's fair to everybody. And I would say that that is appropriate in cases where there is an absence of any information on the record. We have affirmative record evidence here of the judge's thinking at the time that the sentence was made. Well, I think what I'm picking up from the call that you had with Judge Selya is that what's hard to tell right now is why the variance was imposed. There's various factors floating around. You say those factors would support a sentence within the range, but they don't go so far as to support the variance. And then we have statements by the district court suggesting that there's reasons to have it below the guidelines. What we don't have is a crisp statement from the district court saying, here's why I'm going above the guidelines so we would know what the thing to evaluate is as to whether that's a good enough reason. I realize you say anything he said, none of it could support the variance. Correct. And if we were of that view, there'd be no reason to remand. But if we were of the view that, well, maybe some of them could support it, but we'd like to know that that's what the district court thought was the base for the variance, that might support a remand. I would say that on the record, I think there's enough here for the court to simply vacate the sentence without giving the district court an opportunity to correct or amend the record, and that's what I would ask the court to do. Thank you. Any further questions? Did I tell you? Thank you. Thank you, Mr. Topolsky. At this time, would Attorney Crum please introduce himself on the record to begin? Your Honors, may it please the Court, Randall Crum. I understand the certain amount of overlap between the questions of substantive reasonableness explanations and explanations that are considered procedural errors. But in our view, a remand isn't necessary, even if whichever standard of review applies, because taking, as this Court does, what the parties argued against what the Court said in its 145-page transcript, I do believe it is clear what the reason was for the variance and what the Court was thinking about when it made the decision it did. I want to cite one passage not cited in my brief because I think it's particularly telling. This was early in the hearing, sentencing hearing, and it was reflecting on the fact that probably the biggest issue in both sentencing was the government's argument that a higher guideline should apply to count for, under which the guideline censuring range would be life on that count alone. And it responded, and this was something that Judge Young initially rejected and then came to accept in a memorandum filed after the case was on appeal. Also argued but not addressed on law of the case grounds by the district court, Judge Woodlock stated, the guidelines try to capture all sorts of things. They are sometimes successful. They haven't been in this area in which if I were left to my own devices, which I'm not because of the mandate rule, I would accept the government's position on this, which is a higher guideline would apply. But does he then go on to say that's why he's varying upward? Your Honor, I don't think this Court has ever required an explicit, especially in the lack of an objection, explicit I am therefore varying. The Court made clear what its guideline calculation was. That was debated at length in this long hearing. It made clear and adopted at several points the specific range, which is not objected to as a range. I'm just saying you're suggesting, and this is now another factor not mentioned by Tsetselia in his colloquy with your opponent about why the variance was based. And now the positive thing, not in your brief, is that the actual reason he varied is because there was a guideline that he didn't apply, that he thought applied, that would go all the way to life. This passage was not said in my brief, but this argument was very much made in my brief. I know that. I'm just saying that this to me perhaps highlights that we don't really know why the variance was imposed. I guess there may be various reasons out there that would support the variance. Well, Your Honor, I would disagree that an experienced district court judge who properly calculates the guidelines and tells you very much that he disagrees with where they reach and then believes a higher guideline should apply. But then acknowledges that he's forced to apply the other guideline. Right. But he then also states in this passage on the earlier page quoted in my brief that he will consider it in the 355A factors. I mean, I think, again, the point is to take this in context. This was the hotly debated issue on both sentencing, should a higher guideline range apply. It was raised in numerous filings by both parties addressed at length by the district court. The district court says, I don't think I can, but I will take that and I agree with it and will take into account the 355A factors. He then calculates the guidelines properly and then goes on later to emphasize the fact that, again, this is, he views this extremely serious, that he views the statutory maximum of life as very indicative of what, you know, Congress intended and what the public wants for these types of offenses. And as noted by Judge Selya, notices a number of other aggravating factors that bring this out of the mainstream, including, as I note in my brief and I think importantly, a particular difficulty or problem that arises when you have obstruction in a terrorist case where you need to know what else is afoot, who other may, what other acts may be planned and obstruction in the court's view was extremely concerning in that case in a way that might not be elsewhere. There's, I think it's hard not to feel in the government's view that there was sufficient evidence here why this court believed this was not in the mainstream and that the guideline itself did not adequately account for it and acknowledging there wasn't a specific and therefore that's why I'm varying statement, there's plenty here to find that he did. And I would also close on that, that in the statement of reasons, the court says that it imposed above guideline sentence. It's not, the court was not confused about what it was doing. And I think there's enough to infer that, you know, that the explanation was adequate in that sense. Anything further from either of my fellow panelists? No. Thank you, Brown. Thank you. That concludes the argument in this case.